1  P0rMELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  ACADIA L. SENESE (CABN 251287)
   W.S. WILSON LEUNG (CABN 190939)
5  Assistant United States Attorneys

6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102
7     Telephone: (415) 436-7301
      Facsimile: (415) 436-6758
8     E-Mail: wilson.leung@usdoj.gov

9  Attorneys for the United States of America

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14 UNITED STATES OF AMERICA,        )     No. CR 12-00119 SI
                                    )
15                                  )
                                    )
16                                  )     [PROPOSED] ORDER OF DETENTION
      v.                            )     OF DEFENDANT MARIO BERGREN
17                                  )
   MARIO BERGREN,                   )
18                                  )
                                    )
19         Defendant.               )
                                    )
20 ─────────────────────────────────

21      The defendant Mario Bergren came before this Court on May 16, 2012, May 30, 2012,

22 and June 15, 2012, for a detention hearing.  The defendant was present and represented by his

23 counsel, George Boisseau, Esq.  Assistant United States Attorneys Acadia Senese and Wilson

24 Leung represented the United States.

25      The government requested detention, submitting that no condition or combination of

26 conditions would assure the defendant's appearance or reasonably assure the safety of the

27 community.

28      Pretrial Services submitted a report recommending detention.

        Upon consideration of the Pretrial Services report, the court file and the party proffers as

1  discussed below, the Court finds by clear and convincing evidence that no condition or
2  combination of conditions will reasonably assure the safety of the community.  The Court orders
3  the defendant detained.

4      The present order supplements the Court's findings at the detention hearing and serves as
5  a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

6      The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the
7  Court must consider in determining whether pretrial detention is warranted.  In coming to its
8  decision, the Court has considered those factors, paraphrased below:

9      (1)  the nature and seriousness of the offense charged;
10      (2)  the weight of the evidence against the person;
11      (3)  the history and characteristics of the person including, among other considerations,
12          employment, past conduct and criminal history, and records of court appearances; and
13      (4)  the nature and seriousness of the danger to any person or the community that would
14          be posed by the person's release.
15  18 U.S.C. § 3142(g).

16      Defendant Mario Bergren is charged with multiple counts, including 18 U.S.C. § 1962(d)
17  (Racketeering Conspiracy), 18 U.S.C. § 1959(a)(1) (Conspiracy to Commit Murder in Aid of
18  Racketeering), and 18 US.C. § 924(c) (Possession of a Firearm in Furtherance of a Crime of
19  Violence).  The instant charges are part of a multi-defendant racketeering case in which the
20  government alleges that the defendant conspired with others to commit murder in the aid of
21  racketeering.  Specifically, the government proffered that the defendant has been involved in two
22  prior shooting incidents and has been previously convicted of possessing a firearm.

23      In considering all of the facts and proffers presented at the hearing, the Court finds the
24  following factors among the most compelling in reaching its conclusion that no combination of
25  conditions could reasonably assure the community's safety:  First, the defendant has been
26  involved in two separate shooting incidents.  Second, the defendant suffered a felony conviction
27  for possessing a firearm.  Third, the defendant suffered a misdemeanor conviction for
28  participating in a criminal street gang, in violation of California Penal Code Section 186.22.

[Proposed] Detention Order
No. CR 12-0119 SI

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released, the defendant would be a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: July 18, 2012



HON. JOSEPH C. SPERO
United States Magistrate Judge

[Proposed] Detention Order
No. CR 12-0119 SI