United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

JOSEPH ORTIZ, et al.,

        Defendants.

_____/

No. C 12-00119 SI

**ORDER DENYING MOTION TO
DISMISS THE INDICTMENT**

     On December 20, 2013, the Court heard oral argument on defendant Mario Bergren's motion to dismiss counts of the indictment. Having considered the arguments of counsel and the papers submitted, the Court DENIES the defendant's motion.

**BACKGROUND**

     The following statement is drawn from allegations in the indictment. Since the mid-2000s, two Norteño gang factions in South San Francisco – the 500 Block Gang and the C Street Gang – have essentially functioned as a unified, association-in-fact enterprise. Second Superseding Indictment ("Indictment") ¶ 11. The 500 Block/C Street Gang sought to preserve and protect its power and territory through the commission of multiple illegal acts. *Id.* ¶ 13. In late December, 2010, members of the gang were involved in two separate shooting incidents, culminating in the three deaths. *Id.* ¶ 14.

1    On July 31, 2012, the grand jury issued the operative thirty-two count indictment, charging

2    nineteen separate defendants with, *inter alia*, violations of the Racketeer Influenced and Corrupt

3    Organizations Act ("RICO").  Defendant Mario Bergren is alleged to have been a member of the C

4    Street Gang since at least 2008.  The indictment alleges that "[a]mong other activities taken in

5    furtherance of the 500 Block/C Street Gang, [he] fought with and shot at rival gang members, as well

6    as provided firearms for members of the 500 Block/C Street Gang to use." *Id.* ¶ 19.  Bergren is charged

7    in four of the thirty-two counts of the indictment: (1) Racketeering Conspiracy, in violation of 18 U.S.C.

8    § 1962(d); (2) Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. §

9    1959(a)(5); (3) Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering, in

10   violation of 18 U.S.C. § 1959(a)(6); and (4) Use/Possession of a Firearm in Furtherance of a Crime of

11   Violence, in violation of 18 U.S.C. § 924(c)(1)(A); (2).

12   Bergren now moves to dismiss the four counts of the indictment with which he is charged,

13   arguing that they are vague, insufficient, and duplicitous.  He further argues, in the alternative, that the

14   Court should order a bill of particulars.

15

16                                    **LEGAL STANDARD**

17   Federal Rule of Criminal Procedure 7(c) provides that an indictment must contain "a plain,

18   concise, and definite written statement of the essential facts constituting the offense charged."  In the

19   Ninth Circuit, an indictment is usually sufficient if it sets forth the elements of the offenses charged.

20   *United States v. Fernandez*, 388 F.3d 1199, 1200 (9th Cir. 2004); *see also United States v. Woodruff*,

21   50 F.3d 673, 676 (9th Cir. 1995) ("In the Ninth Circuit the use of a 'bare bones' information—that is

22   one employing the statutory language alone—is quite common and entirely permissible so long as the

23   statute sets forth fully, directly and clearly all essential elements of the crime to be punished."

24   (alteration, citation, and internal quotation marks omitted)).  In considering a motion to dismiss an

25   indictment, the Court may not look beyond "the four corners of the indictment in analyzing whether a

26   cognizable offense has been charged."  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).  An

27   indictment is sufficient to withstand a defendant's motion to dismiss "if it contains the elements of the

28   charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him

that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (citation omitted).

## DISCUSSION

Bergen makes several arguments in support of his motion to dismiss the indictment. He contends that: (1) Count One is insufficient because it fails to provide notice regarding what Bergren allegedly did to join the conspiracy or participate in its activities; (2) Counts Two and Three are insufficient because they fail to allege that Bergren participated in any murders, assaults, or other acts in furtherance of the alleged conspiracy; (3) Count Four is insufficient because it fails to allege any acts attributed to Bergren related to the firearms charge; (4) Counts One, Two, and Three are duplicitous; and (5) Counts Two and Three[1] fail to provide Bergren adequate notice of any special sentencing factors that may apply to him. Bergren further argues, in the alternative, that the Court should order a bill of particulars apprising Bergren of the government's specific case against him. For the reasons set forth below, the Court disagrees with Bergren's arguments and therefore DENIES his motion.

## 1.     Count One Adequately Alleges a Racketeering Conspiracy.

Count One charges Bergren with RICO conspiracy, in violation of 18 U.S.C. § 1962(d). While subsection (c) of this statute sets forth the elements of a substantive RICO violation, subsection (d), with which Bergren is charged, criminalizes conspiracy to commit a substantive RICO violation. *See* Indictment at 1. It is not necessary to prove that a defendant committed a substantive RICO violation under § 1962(d); instead, "[p]roof of an agreement the objective of which is a substantive violation of RICO (such as conducting the affairs of an enterprise through a pattern of racketeering) is sufficient to establish a violation of section 1962(d)." *United States v. Tille*, 729 F.2d 615, 619 (9th Cir. 1984). The Ninth Circuit has explained that there is no requirement that a particular defendant have conspired to

---

[1]Bergren's motion argues that Counts Three and Four fail to give him adequate notice of special sentencing factors. Mot. at 22. However, his argument concerns the charges for conspiracy to commit murder and conspiracy to commit assault, which are Counts Two and Three. In an abundance of caution, the Court will address the special sentencing factors relevant to all Counts.

United States District Court

For the Northern District of California

operate or manage the RICO enterprise himself. *Fernandez*, 388 F.3d at 1230. Rather, "a defendant is guilty of conspiracy to violate § 1962(c) if the evidence showed that [he] knowingly agreed to facilitate a scheme which includes the operation or management of a RICO enterprise." *Id.* (alteration, citation, and internal quotation marks omitted). Importantly, in charging RICO conspiracy, "there is no requirement of some overt act or specific act . . . unlike the general conspiracy provision applicable to federal crimes . . . ." *Salinas v. United States*, 522 U.S. 52, 63 (1997). Thus, all that an indictment for violation of 18 U.S.C. § 1962(d) must allege, is that "the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity." *United States v. Garcia*, No. 11-cr-68-EJL, 2012 WL 6623984, at *3 (D. Idaho Dec. 19, 2012) (quoting *United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991) (internal quotation marks omitted)).

Count One of the indictment sufficiently alleges a conspiracy to violate RICO. The indictment details the history of the Nuestra Familia, and the genesis of the 500 Block/C Street Gang. Indictment ¶¶ 1-11. It alleges that the 500 Block/C Street Gang is an associated-in-fact enterprise that engaged in racketeering activity. *Id.* ¶¶ 12-13. It further alleges that Bergren personally acted in furtherance of the enterprise's activities by fighting with and shooting at rival gang members, and providing weapons for other members to use. *Id.* ¶ 19. Additionally, the indictment sets forth numerous overt acts that members of the 500 Block/C Street Gang are alleged to have committed in furtherance of the alleged conspiracy. *Id.* ¶ 22. Finally, the indictment alleges that Bergren, along with fifteen of his co-defendants, "unlawfully, knowingly, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that is participate, directly and indirectly, in the conduct of the affairs of the 500 Block/C Street Gang enterprise through a pattern of racketeering activity," in the Northern District of California, beginning in the mid-2000s. *Id.* ¶ 22. These allegations are sufficient to establish a viable allegation of RICO conspiracy under § 1962(d). *See Tille*, 729 F.2d at 619.

Bergren argues that Count One is insufficient because it fails to put him on notice of precisely what specific acts he is alleged to have committed in furtherance of the RICO conspiracy. Motion to Dismiss Counts of the Indictment ("Mot.") at 11. He contends that, with regard to the acts that might constitute substantive RICO violations, "there are no facts and circumstances alleged setting out the

United States District Court
For the Northern District of California

circumstances surrounding these events or [his] involvement is [sic] such activity." *Id.* However, an indictment charging RICO conspiracy need not set forth any specific overt acts. *Salinas*, 522 U.S. at 63. All that the indictment must allege is that Bergren knowingly agreed to participate in an enterprise whose objective was to engage in racketeering activity. *See Glecier*, 923 F.2d at 500. There is no requirement that the indictment allege that Bergren, in particular, committed any overt acts that might qualify as substantive RICO violations. It is sufficient that the indictment alleges that Bergren knew about the enterprise's racketeering activities and agreed to help facilitate them.

Bergren further argues that Count One is insufficient because the indictment fails to adequately allege that the 500 Block/C Street Gang was a racketeering enterprise as opposed to an "association of neighborhood delinquents and the compilation of separate and unrelated violent acts done by them." Mot. at 12. Specifically, he contends that the indictment must allege predicate racketeering acts that are both related and continuous. *Id.* at 13.

To secure a conviction, the government must prove both the existence of a racketeering enterprise, and a related pattern of racketeering activity. Relatedness and continuity are not elements that the government must separately allege; however, "a RICO indictment must allege facts sufficient to show that predicate acts are related and pose a threat of continued criminal activity." *Garcia*, 2012 WL 6623984, at *5. Under the RICO statute, a racketeering enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). The required pattern of racketeering activity is simply "a series of criminal acts as defined by the statute." *Id.* The alleged enterprise's common purpose may be shown through evidence "of an ongoing organization," and evidence "that the various associates function as a continuing unit." *Id.*

The indictment sufficiently alleges a continuous enterprise. The indictment alleges that the 500 Block/C Street Gang constituted an associated-in-fact enterprise. Indictment ¶ 12. It alleges the enterprise had a common purpose beyond what was necessary to commit the predicate statutory racketeering acts. *Id.* ¶ 13. Finally, the indictment alleges that "[t]he enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise." *Id.* ¶ 12. These allegations of continuity are more than sufficient to meet

the required pleading standard. *See United States v. Diaz*, No. CR 05-0167 WHA, 2006 WL 1833193, at *3 (N.D. Cal. June 30, 2006) (finding continuity in identical charging language, and noting that the indictment went beyond a listing of the statutory elements and incorporated "the words of the Supreme Court's interpretation of the RICO statute"). Thus, the Court finds that the indictment sufficiently alleges an agreement, and not merely a group, as Bergren argues.

Accordingly, the Court finds that Count One of the indictment adequately alleges a RICO conspiracy, and therefore DENIES Bergren's motion to dismiss the indictment on insufficiency grounds.

### 2. Counts Two and Three Adequately Allege Conspiracies to Commit Violent Acts.

Count Two charges Bergren with conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). Count Three charges Bergren with conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6). Bergren argues that both Counts should be dismissed because it cannot be determined from the indictment which, if any, murders or assaults Bergren is alleged to have committed. Mot. at 14-17. The Court disagrees.

The indictment does not charge Bergren with substantive murder or assault charges; rather, Bergren is charged with conspiracies to commit murder and assault. Indictment ¶¶ 28-33. The indictment, therefore, need not allege that Bergren committed any specific acts related to any murders or assaults. All the indictment need allege is that Bergren entered into an agreement to commit murder and an agreement to commit assault with a deadly weapon, to gain entrance to, or to maintain or increase his standing in, a racketeering enterprise.

The indictment sufficiently alleges conspiracies to commit murder and assault with a deadly weapon. Both Count Two and Count Three track the statutory language for these offenses. *See Fernandez*, 388 F.3d at 1200; *see also Woodruff*, 50 F.3d at 676. Both Counts incorporate by reference the preceding factual allegations establishing the existence of a racketeering enterprise. Thus, both Counts sufficiently allege that Bergren committed these conspiracies with the requisite racketeering motive – that is, with the intent to further his position in, or gain entrance to, the alleged enterprise.

Accordingly, the Court DENIES Bergren's motion to dismiss Counts Two and Three of the indictment for insufficiency.

**United States District Court**
For the Northern District of California

1

2 ### 3. Count Four Adequately Alleges Use or Possession of a Firearm.

3     Count Four charges Bergren with use/possession of a firearm in furtherance of a crime of

4 violence, specifically, the conspiracies charged in Counts One through Three of the indictment, in

5 violation of 18 U.S.C. § 924(c). Bergren argues that this Count should be dismissed because it does not

6 provide him with notice regarding how his alleged possession of a firearm furthered the alleged

7 conspiracies.[2] Mot. at 18.

8     Conviction under § 924(c) does not require proof that the defendant used or possessed any

9 particular firearm. Instead, the government need only prove that any firearm was used or possessed in

10 furtherance of a crime of violence. *See United States v. Garrido*, 596 F.3d 613, 617 (9th Cir. 2010)

11 (upholding conviction under § 924(c) where the evidence in support consisted only of a video of an

12 armed robbery, and the testimony of two eyewitnesses). Nor does the government need to prove that

13 a particular defendant used or possessed a firearm; rather, conviction may properly be based on a co-

14 conspirator theory of liability. *See United States v. Luong*, 627 F.3d 1306, 1308 (9th Cir. 2010)

15 (upholding convictions under § 924(c) where there was no evidence the defendants themselves had ever

16 used or possessed a firearm).

17     The indictment sufficiently alleges a violation of § 924(c). The indictment need not identify a

18 particular firearm that Bergren is alleged to have possessed, nor even that Bergren himself possessed

19 a firearm. *See id.* Under a co-conspirator theory of liability, the government can charge Bergren with

20 a violation of § 924(c) if any of his co-conspirators used or possessed a firearm in furtherance of a crime

21 of violence if that act was reasonably foreseeable to Bergren, and in reasonable furtherance of the

22 alleged conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946); *Luong*, 627 F.3d at

23 1308. Bergren himself need not have had actual knowledge of the possession. *See Luong*, 627 F.3d at

24 1308. The charging allegation tracks the statutory language, alleging that Bergren, "together with others

25

26     [2]Bergren also argues that this Count raises the possibility of a prejudicial variance at trial. Mot. at 18. He contends that the indictment alleges use or possession of firearms in furtherance of a

27 conspiracy, but that it is possible the proof at trial might show that instead Bergren used or possessed a firearm for his own personal use, unconnected to any alleged conspiracy. *Id.* at 18-19. If this were

28 the case, it is true that an improper variance would occur. However, the Court cannot say at this time that Count Four should be dismissed because of this theoretical possibility, supported only by conjecture.

United States District Court

For the Northern District of California

1    known and unknown, unlawfully and knowingly did use and carry a firearm during and in relation to

2    a crime of violence . . . ."  Indictment ¶ 34.  This is all the law requires for an adequate indictment on

3    this charge.

4        Accordingly, the Court DENIES Bergren's motion to dismiss Count Four on insufficiency

5    grounds.

6

7    **4.    Counts One, Two, and Three are not Duplicitous.**

8        Bergren next argues that Counts One, Two, and Three should be dismissed because they are

9    duplicitous.  "An indictment is considered duplicitous if a single count combines two or more different

10    offenses."  *United States v. Renteria*, 557 F.3d 1003, 1007 (9th Cir. 2009).  In assessing whether an

11    indictment alleges multiple conspiracies, "[t]he general test is whether there was one overall agreement

12    to perform various functions to achieve the objectives of the conspiracy."  *United States v. Zemek*, 634

13    F.2d 1159, 1167 (9th Cir. 1980) (citation and internal quotation marks omitted).  That alleged co-

14    conspirators performed separate crimes or acts in furtherance of an alleged conspiracy is not inconsistent

15    with the existence of a "single overall agreement."  *United States v. Friedman*, 593 F.2d 109, 117 (9th

16    Cir. 1979).  This standard contemplates the existence of "subgroups or subagreements" as well.  *Tille*,

17    729 F.2d at 621.  "A single conspiracy may be identified by examining characteristics including the

18    nature of the scheme, identity of the participants, nature and frequency of each conspirator's

19    involvement, and commonality of time and goals."  *Id.*

20        Bergren argues that the Counts One, Two, and Three do not charge a single offense in each

21    Count, but rather charge multiple unrelated crimes.  Mot. at 20-21.  Because the Court has already found

22    that the indictment sufficiently alleges racketeering conspiracies, this argument must fail.  It is true that

23    the conspiracy charges encompass multiple acts, including multiple instances of murder and assault.

24    However, "[c]ourts have repeatedly recognized that schemes that might ordinarily constitute different

25    criminal conspiracies are properly joined in a RICO enterprise offense, provided those schemes are

26    sufficiently 'related' under the statute."  *Garcia*,  2012 WL 6623984, at *6 (citation and internal

27    quotation marks omitted).  The indictment's conspiracy Counts each allege a single RICO conspiracy.

28    They are therefore not duplicitous.

1    Accordingly, the Court DENIES Bergren's motion to dismiss Counts One, Two, and Three on

2    the ground that they are duplicitous.

3

4    **5.    The Indictment Provides Sufficient Notice of Special Sentencing Factors.**

5    Bergren next argues that the indictment fails to provide him with sufficient notice of any special

6    sentencing factors that may apply to him, and it should therefore be dismissed on this basis.  Mot. at 22.

7    "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

8    prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

9    *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  For *Apprendi* purposes, the "statutory maximum"

10   is the sentence the judge may impose, based on facts either found by the jury, or admitted to by the

11   defendant.  *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004).  In other words, it is the sentence that

12   can be imposed without additional factfinding by the judge.  *Id.*

13   Bergren argues that the indictment does not provide him adequate notice of special sentencing

14   factors that may apply to him, which raises " a danger that the Court, rather than the jury, will decide

15   any fact that increases the prescribed statutory maximum."  Mot. at 22.  The Court disagrees.  The

16   indictment sets forth special sentencing factors related to Count One, the RICO conspiracy charge.

17   Indictment ¶ 77.  It alleges that Bergren, along with fifteen co-defendants, conspired to commit murder,

18   with malice aforethought.  *Id.*  If the jury found Bergren guilty of this charge, the maximum penalty

19   would be increased from 20 years, to life imprisonment.  *See* 18 U.S.C. § 1963(a).  This is sufficient

20   notice to Bergren regarding the special sentencing factors that may apply to him.

21   Bergren's argument also fails with regard to Counts Two, Three, and Four.  The indictment does

22   not set forth any special sentencing factors related to these Counts, with good reason: none of these

23   Counts carry an alternative statutory maximum.  Thus, there is no need for the indictment to provide

24   notice of special sentencing factors related to these charges.

25   Accordingly, the Court finds that the indictment provides adequate notice of any special

26   sentencing factors that may apply to Bergren, and therefore DENIES Bergren's motion on this basis.

27

28

United States District Court
For the Northern District of California

**6.      The Circumstances of this Case do not Warrant a Bill of Particulars.**

Finally, Bergren argues that, in the event the Court denies his motion to dismiss Counts One through Four of the indictment, the Court should "order the government to prepare a bill of particulars outlining the case against [him]." Mot. at 23-24. For the reasons set forth below, the Court disagrees.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." "The bill of particulars has three functions: 'to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)); *see also United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense."). However, a defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence. *Giese*, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking the "when, where, and how" of every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars).

Finally, when a court is considering whether to order a bill of particulars, it "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

Bergren's sole argument in favor of a bill of particulars is that the indictment, together with the evidence the government has produced to him in discovery, shows an association with gang members, but does not demonstrate that Bergren himself engaged in gang activity. Mot. at 23. He requests a bill of particulars to outline the government's case against him. *Id.* at 23-24. This is not a proper purpose for a bill of particulars. A bill of particulars is designed to minimize surprise and to ensure that the defendant has sufficient information regarding the nature of the charges to prepare a defense. *Mitchell*, 744 F.2d at 705. However, Bergren "is not entitled to know all the evidence the government intends

**United States District Court**
For the Northern District of California

to produce, but only the theory of the government's case." *Giese*, 597 F.2d at 1181.  The indictment provides Bergren with adequate notice of the government's theory of the case.  Bergren has failed to demonstrate that the alleged shortcomings of the indictment present a risk of "surprise, prejudice, or an increased risk of double jeopardy . . . ." *See United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985).

Accordingly, the Court finds that a bill of particulars is not warranted in this case and therefore DENIES Bergren's motion on this basis.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby DENIES the defendant's motion to dismiss Counts One, Two, Three, and Four of the indictment, and DENIES the defendant's motion for a bill of particulars.  This Order resolves Docket No. 805.

**IT IS SO ORDERED.**

Dated: December 27, 2013

_____
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE